# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SELIM NART** | § | |
| | § | |
| V. | § | A-10-CA-870 LY |
| | § | |
| **OPEN TEXT CORP. AND** | § | |
| **JOHN VERDICO** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court are the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Clerk's Doc. No. 20) and the Plaintiff's Objections and Response in Opposition to the Defendants' Motion to Dismiss (Clerk's Doc. No. 21). On June 15th, 2011, the District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Plaintiff, Selim Nart, worked for Vignette Corporation, which was later acquired by the Defendant Open Text. Nart was terminated on November 13, 2009, and he brings the instant suit against Open Text and John Verdico, who is a senior manager in Open Text's Human Resources Department. In his Amended Complaint (Clerk's Doc. No. 11), Nart alleges numerous tort claims: conversion, unjust enrichment, quantum meruit, defamation, negligent hiring, tortious interference with contract, and intentional infliction of emotional distress.[1] The Defendants have moved for

---

[1] In his response to the Defendants' motion to dismiss, Nart also asserts criminal allegations against the Defendants. He claims that they violated labor and immigration laws, both domestic and

dismissal on the basis that even if Nart's allegations are taken as true, he fails to state cognizable legal claims; therefore, they ask the Court to dismiss his Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

**I.      General Background**[2]

Nart started working for Vignette as an at-will employee in 2001, and Open Text acquired Vignette in July 2009. Vignette remained a separate corporate entity for a period of time after Open Text's acquisition. Soon after Open Text acquired Vignette, Nart shipped personal items using the company's resources, at a cost which totaled over $3,000. Nart contends that he had ceased working for Vignette and became an employee of Open Text (at least when he worked outside of the United States), and he disputes Open Text's allegation that he misappropriated funds when he sent personal items using the company's shipping department. After determining that Nart used company resources, Open Text[3] terminated Nart.

As an at-will employee, Nart did not have an employment contract. However, he alleges that Open Text owes him money for unpaid vacation and overtime (labeled "in lieu of" pay in Open Text's employment policy) that he accumulated under the employment policy before Open Text terminated him. As part of his severance package, Vignette[4] offered Nart 11 weeks of pay at his

---

international, and the Sarbanes-Oxley Act. However, Nart does not have standing to bring these allegations in civil court. If he believes that the Defendants violated the law, he should contact the authorities, not file a civil suit in this Court.

[2]The facts set out here are based on the allegations of Nart's complaint, which the Court takes as true for the purposes of this motion.

[3]Open Text argues that Nart worked for Vignette, not Open Text; therefore, it contends that it did not fire Nart, Vignette did. At this stage in the litigation, and as discussed in this report and recommendation, the Court does not determine whether Nart worked for Vignette or Open Text.

[4]Nart claims that Open Text offered the agreement; however, Vignette is the only company mentioned as extending a severance offer and the offer is on Vignette's letterhead. As mentioned

2

current rate but did not include any "in lieu of" or vacation pay in the agreement. Open Text rejected Nart's demand that it include "in lieu of" or vacation pay because Vignette's employment policy did not require the company to pay it upon termination. Because Open Text refused to pay Nart, he asserts three related claims: (1) it converted his unpaid time; (2) Open Text was unjustly enriched; and (3) Nart should recover money under the principle of quantum meruit because Open Text received benefits without compensating him.

Nart also claims Open Text negligently hired human resource employees based on the HR department determining that Open Text did not owe Nart money for vacation pay or "in lieu of" pay. He also claims that Open Text defamed him when it sent an email to several employees about its reasons for terminating Nart using a gmail email account. He finally contends that Open Text intentionally inflicted emotional distress by its actions throughout the termination process.

Nart, despite acknowledging that he worked as an at-will employee, also contends that Verdico is liable for tortiously interfering with his "employment agreement contract" between Nart and Open Text and with Nart's stock option agreement with Open Text. Although Nart apparently understands that a party cannot interfere with its own contract—therefore he cannot sue Open Text for interference with its own contract—he attempts to circumvent this rule by suing Verdico. He further alleges that Verdico interfered with his settlement agreement with Open Text when Nart attempted to accept the agreement and Verdico refused.

## II. Standard of Review

Nart is proceeding pro se in this case. Thus, in considering the 12(b)(6) motion, the Court must construe his allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Rule 12(b)(6)

---

in note 2, the Court does not attempt to resolve these issues at this time.

allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also*, *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

**III.    Analysis of Nart's Allegations**

    **A.    Nart's claims against Open Text.**

Nart wants to receive pay for vacation time and overtime he claims to have accumulated while working for Open Text. The first four claims listed in his amended complaint aim to recover these wages. Open Text refused to pay him and argues that Nart never worked for Open Text—it claims he worked for Vignette—and that therefore Nart is not entitled to those wages. Nart disagrees and sues Open Text under Texas common law for conversion, unjust enrichment, and quantum meruit. He also claims that Open Text negligently hired its human resources employees, resulting in the department's refusal to pay Nart for the accrued vacation and overtime. He also contends their

4

actions intentionally inflicted emotional distress on him. Finally, he contends that by sending the email detailing why it fired him to his gmail account, Open Text defamed him.

### 1. Nart's conversion claims fail as a matter of law.

Nart argues that he is entitled to payment for overtime and vacation, and when Open Text failed to pay him when it terminated his employment, Open Text converted his unpaid wages. But he cannot sue for conversion to recover his unpaid wages, even if he is entitled to the pay. Unpaid wages are considered general monetary indebtedness recoverable only in a breach of contract action, not in tort. "Money is subject to conversion only when it can be identified as a specific chattel, and not where an indebtedness may be discharged by the payment of money generally." *Newsome v. Charter Bank Colonial*, 940 S.W.2d 157, 161 (Tex.App.—Houston [14th Dist.] 1996, writ denied). Because Nart did not have a contract with Open Text—he worked as an at-will employee—he cannot sue Open Text for breach of an employment contract or conversion.

Liberally construing Nart's complaint, he may be attempting to assert a claim under the Texas Payday Law. *See* TEX. LABOR CODE § 61.001 *et. seq*; *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 194 (Tex. App.—Fort Worth 1995, writ denied). The Defendants realized this possibility and addressed a possible claim under the Texas Labor Code in their motion to dismiss. *See* Motion to Dismiss at 7 (citing TEX. LABOR CODE ANN. § 61.001(7)(B)). Open Text maintains that Nart cannot sue under the Payday Law because Vignette's written policy—not Open Text's—governed Nart's employment and did not provide for paying these wages. Further, even if Open Text's policies governed Nart's employment, the statute of limitations for bringing a claim under the Payday Law expired before he filed suit. An employee who alleges that an employer has failed to pay his wages under an agreement or policy may file an administrative complaint with the

Texas Workforce Commission no later than 180 days after the date the wages are due for payment or file suit against the employer in a court of competent jurisdiction. TEX. LABOR CODE ANN. §§ 61.051(7)(A–C), 61.001(7)(B); *Hull v. Davis*, 211 S.W.3d 461, 464 (Tex. App.— Houston [14th Dist.] 2006, no pet. h.) (citing *Holmans*, 914 S.W.2d at 194). According to the statute, "wages" include vacation pay, holiday pay, and severance pay "owed" under a written agreement with an employee, or pursuant to a written policy. TEX. LABOR CODE § 61.001(7). Because Nart failed to file a complaint within the 180 days, any claim he might want to pursue under the Texas Payday Act is barred by its statute of limitations.

### 2. **Nart may pursue the wages under Texas common law.**

Nart, however, can assert a common law claim for unpaid wages as a breach of contract claim. An employee may pursue a common law breach of contract claim without exhausting administrative remedies. *Bloch v. Dowell Schlumberger Inc*, 925 S.W.2d 301 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Holmans*, 914 S.W.2d at 194. This is the correct avenue, for a discharged employee does not have a tort action for wrongful withholding of wages separate from a breach of contract action. *Wal-Mart Stores v. Coward*, 829 S.W.2d 340 (Tex. App.—Beaumont 1992, writ denied).

Although Nart did not have an employment contract, Open Text's employment policies, if applicable, may create a quasi-contract. Nart argues that allowing Open Text to escape from paying him money unjustly enriched the company, and under the principle of quantum meruit, Open Text should pay him. Under Texas Law, unjust enrichment is not an independent cause of action but rather the result of a failure to make restitution for benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay. *Walker v.*

6

*Cotter Props., Inc.*, 181 S.W.3d 895 (Tex. App.—Dallas 2006). Quantum meruit is founded on principles of unjust enrichment and it is an independent cause of action that allows recovery when there is no express contract covering the services rendered. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683–84 (Tex. 2000). If Open Text's policies created a quasi-contract, not an express contract, then the principles of unjust enrichment may allow Nart to recover his unpaid wages.

Under Texas common law, employees may sue for recovery of debt, and the Payday Law is "neither cumulative of the common-law remedy, nor does it expressly or impliedly negate or deny the common-law remedy, it would be unconstitutional if it were a mandatory remedy." *Bloch*, 925 S.W.2d at 304 (citing *Holmans*, 914 S.W.2d at 192–93). This cause of action prevents companies from refusing to pay an employee wages and escaping liability if the employee did not have an employment contract and failed to file a Payday claim within six months. *See Kitchen v. Frusher*, 181 S.W.3d 467, 474–76 (Tex. App.—Fort Worth, 2005 no pet.) (reversing a jury verdict that denied an employee wages under quantum meruit when the employer failed to pay her wages after she performed compensable services without an express contract).

Thus, Open Text's motion to dismiss the quasi-contract/unjust enrichment and quantum meruit claims should be denied.

3. **Nart's defamation claim against Open Text fails as a matter of law.**

Nart alleges in his complaint that Open Text's Global Human Resources Manager, David Lasater, published a defamatory statement in an email to third parties concerning the reason for his termination. Although Open Text argues that the statement was factually accurate, the Court does not need to address that issue. According to Nart, the email was published world wide because Lasater sent the email to Nart's Google email account, providing Google with rights to access and

distribute the email. Nart claims that Open Text knew or should have known that Mr. Lasater's use of a Google account created such risk of publication. In response, Open Text and Verdico argue the email communication is protected by qualified privilege and that the statement was not published.

For an action to exist for defamation, the statement must be published to third parties. *See Doe v. Smithkline Beecham Corp.*, 855 S.W.2d 248, 259 (Tex. App.—Austin 1993) *aff'd as modified*, 903 S.W.2d 347 (Tex. 1995). A terminated at-will employee may not assert a defamation claim against the employer for communicating the reasons for the termination to persons within the company. *Exxon Mobil Corp. v. Hines*, 252 S.W.3d 496, 503 (Tex. App.—Houston[14th Dist.] 2008, no pet.) (holding that allowing an employee terminated for a "bad reason" to recover monetary damages against employer would clearly violate the at-will employment doctrine); *Henriquez v. Cemex Mgmt., Inc.*, 177 S.W.3d 241, 252 (Tex. App.—Houston [1st Dist.] 2005, pet denied) (explaining that employer has a conditional or qualified privilege that attaches to communications made in the course of an investigation following reports of an employee's wrongdoing). Whether a qualified privilege exists with respect to a defamatory statement is a question of law for the court to determine. *Henriquez*, 177 S.W.3d at 253.

Once the defendant raises the defense of qualified privilege, the plaintiff has the burden of producing clear and convincing evidence of actual malice. *ContCommodity Svcs., Inc. v. Ragan*, 63 F.3d 438, 442–43 (5th Cir. 1995). Actual malice is making a statement with knowledge that it is false or with a reckless disregard of whether it is false or not. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Nart does not raise facts to suggests that the reasons for his termination were communicated to anyone outside the company or to anyone without an interest in the subject matter of the communication. The email communication receives a qualified

privilege and Nart failed to produce any evidence of actual malice on the part of Lasater or Open Text. Further, Nart fails to demonstrate that the statement was published to third parties—even assuming Google has the capacity and right to disseminate the email, Nart has not alleged that it has done so.

4. **Nart's intentional infliction of emotional distress claim fails as a matter of law.**

In Texas, a claim for intentional infliction of emotional distress (IIED) is only available when a plaintiff cannot bring any other recognized cause of action to address the wrong. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005); *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). Nart can seek to recover his damages under a common law cause of action for unpaid wages or under the Texas Payday Law. Therefore, he cannot maintain an IIED claim.

5. **Nart's negligent hiring claim against Open Text fails as a matter of law.**

Nart's final claim against Open Text is that it negligently hired employees in its Human Resources Department, which is demonstrated by their refusal to pay him for vacation and overtime. An employer may not be held liable for negligent hiring, supervision, or retention unless the employee committed an actionable tort. *Gonzalez v. Willis*, 995 S.W.2d 729, 739 (Tex. App.—San Antonio 1999, no pet.); *see Garcia v. Allen*, 28 S.W.3d 587, 593 (Tex. App.—Corpus Christie 2000, pet. denied) (holding that employer was not liable for negligent supervision because the employee did not commit an actionable tort in failing to investigate ability of employee before firing him). Because Nart's claims for defamation and IIED fail as a matter of law, he fails to allege an actionable tort by Open Text employees. Therefore, Nart's claim against Open Text for negligent hiring, supervision, or retention fails as matter of law.

### B. Nart's tortious interference claims against Verdico fail as a matter of law.

Nart asserts that Verdico tortiously interfered with his Employment Agreement, Stock Option Agreement, and Separation Agreement Contract. A party cannot interfere with its own contract. *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 761 (Tex. 2006). An employee, acting within the scope of his or her employment, cannot tortiously interfere in a contract between his employer and another individual or entity. *Latch v. Gratty, Inc.*, 107 S.W.3d 543, 545 (Tex. 2003) (holding that a plaintiff alleging that an agent tortiously interfered with the principal's contract must prove that the agent acted solely to further his personal interests). Open Text could not have interfered with its own contract with Nart, and Verdico acted as an agent of Open Text and without an independent duty, so he is not liable for interference of contract.[5]

### IV. Recommendation

The Court HEREBY RECOMMENDS that the District Court GRANT IN PART and DENY IN PART the Defendants' Motion to Dismiss (Clerk's Doc. No. 20). The Court RECOMMENDS that the District Judge GRANT the motion as to all claims against Open Text and Verdico, except Nart's quantum meruit and quasi-contract claims against Open Text for unpaid wages.

### V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[5] Nart may be able to bring a cause of action for breach of contract against Vignette—the company who offered Nart the severance agreement—if it refused Nart's acceptance before rescinding its offer. But Vignette is not a party, and Nart did not plead a breach of contract claim. Further, the Court does not offer any opinion on the relative merits of such a claim.

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of August, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE