IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SELIM NART § | |
| § | |
| V. § | A-10-CV-870-LY-AWA |
| § | |
| OPEN TEXT CORPORATION § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion for Summary Judgment (Clerk's Doc. No. 38), Plaintiff's Objections and Response in Opposition (Clerk's Doc. No. 39), Defendant's Reply to Plaintiff's Response (Clerk's Doc. No. 40), and Plaintiff's Sur-Reply in Opposition (Clerk's Doc. No. 41). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND**

In 2001, Plaintiff Selim Nart started working as an at-will employee for Vignette Corporation, which was later acquired by the Defendant Open Text in July 2009. Vignette remained a separate corporate entity for a period of time after Open Text's acquisition. Soon after Open Text acquired Vignette, Nart allegedly shipped personal items using the company's resources, at a cost which totaled over $3,000. After determining that Nart used company resources, Open Text terminated Nart, and he brought the instant suit against Open Text and John Verdico, who is a senior

manager in Open Text's Human Resources Department.[1]  In his Amended Complaint (Clerk's Doc. No. 11), Nart alleged numerous tort claims: conversion, unjust enrichment, quantum meruit, defamation, negligent hiring, tortious interference with contract, and intentional infliction of emotional distress.[2]  Open Text filed a Motion to Dismiss (Clerk's Doc. No. 20) and following briefing by both sides, the Court dismissed all of Nart's claims with the exception of Nart's Texas common law claim for unpaid wages as a breach of contract.  *See* Clerk's Doc. Nos. 23 and 26.

As an at-will employee, Nart did not have an employment contract.  However, he alleges that Open Text owes him money for unpaid vacation and overtime (labeled "in lieu of" pay in Open Text's employment policy) that he accumulated under the Vignette employment policy before Open Text terminated him.[3]  Nart asserts that because his employment was governed by Open Text's employment policy when he was terminated, he is entitled to these unpaid wages.  Nart argues that allowing Open Text to escape from paying him money unjustly enriched the company, and under the principle of quantum meruit, Open Text should pay him.  Open Text disagrees, contending that Vignette's employment policies applied to Nart at the time of his termination and consequently, he is not entitled to payment of any wages.

---

[1] All claims against Verdico were dismissed in the District Court's adoption of the Magistrate Judge's Report and Recommendation (Clerk's Doc. Nos. 23 and 26).  Therefore, Verdico is no longer a party to this case.

[2] In his response to the Defendants' motion to dismiss, Nart also asserted criminal allegations against the Defendants.  He claimed that they violated labor and immigration laws, both domestic and international, and the Sarbanes-Oxley Act.  The Court determined that Nart does not have standing to bring these allegations.

[3] Nart was offered a severance package by Vignette, whereby he was to receive eleven weeks of pay at his current rate but did not include any "in lieu of" or vacation pay in the agreement.  Open Text rejected Nart's demand that it include "in lieu of" or vacation pay because Vignette's employment policy did not require the company to pay it upon termination.

Open Text now moves for summary judgment on this remaining claim, arguing that Nart has failed to present a genuine issue of material fact and that Open Text is entitled to judgment as a matter of law.

## II.  STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586.  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are

not competent summary judgment evidence. *Id*. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

### III. ANALYSIS

In its Motion for Summary Judgment, Open Text asserts that Nart's remaining claim for unpaid wages fails as a matter of law. It argues that there is no factual dispute that Vignette's employment policies, not Open Text's, applied to Nart at the time of his termination and that Vignette's policies did not provide for unpaid vacation and "in lieu of" pay upon termination. As such, Nart's claims under the theory of quantum meruit would also fail because Open Text's employment policies did not apply to him. Open Text also asserts that Nart cannot claim remedies under the theory of quantum meruit because there was an enforceable agreement and Nart had no reasonable expectation of payment. Additionally, to the extent Nart seeks severance pay, Open Text denies that he is entitled to such relief. *See* Clerk's Doc. No. 38. In response, Nart contends that Open Text has relied on improper evidence and that he has presented a genuine issue of material fact as to whether Open Text's employment policies applied to Nart at the time of his termination. *See* Clerk's Doc. No. 39.[4]

---

[4]As an initial matter, Nart's allegation that Open Text has committed fraud against the Court is without merit. Nart alleges that he never received a copy of his deposition transcript and consequently, never examined or approved the transcript used by Open Text in its Motion for Summary Judgment. *See* Clerk's Doc. Nos. 39 and 41. However, courts have held that when emails are sent and do not bounce back, they are presumed to be sent to valid email addresses and to reach the owner of the email address. *See, e.g.*, *Gaffigan v. Does 1-10*, 689 F.Supp.2d 1332, 1342 (S.D. Fla. 2010) (finding that emails that did not bounce back were presumptively sent to valid email addresses that reached Defendants); *see also Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004). Nart presents no evidence to suggest that the email bounced back. Without presenting any evidence, he merely claims that he never received the email, which is insufficient evidence for summary judgment purposes. *Turner*, 476 F.3d at 343.

**1. Nart's Quasi-Contract Claim**

As to Nart's remaining claim for unpaid wages, the central issue is whether Open Text's policies were applicable to Nart at the time of his termination. The parties do not dispute that under Vignette's employment policies, Nart would not have a claim for unpaid vacation and "in lieu of" wages upon termination because such wages were not provided under Vignette's policies. Furthermore, in its previous ruling, the Court specifically noted that Nart *may* have a claim under quasi-contract and quantum meruit only *if* Open Text's employment policies applied. *See* Clerk's Doc. No. 23 at 6. Consequently, only if the Court determines that Open Text's employment policies are applicable is Nart possibly entitled to relief.

Nart contends that he has presented a genuine issue of material fact because he believed he was an Open Text employee after the merger completed and that Open Text's employment policies *automatically* applied to him after the merger. Nart indicates his belief was based on the following facts: he began receiving paychecks from Open Text instead of Vignette, he started working at Open Text locations abroad with other Open Text employees, his email account was changed to an Open Text email address, Vignette signs were replaced with Open Text signs, and his meetings were with Open Text management and employees. *See* Clerk's Doc. No. 39 at 3–4. Furthermore, Nart argues that Open Text never notified him that Vignette's employment policies were applicable to him until January 1, 2010. However, Nart presents no direct evidence that he was notified that Open Text's

---

Furthermore, the email produced by Open Text shows that the message was sent to "selim.nart@gmail.com," Nart's email address of record, as well as to Open Text's counsel. *See* Clerk's Doc. No. 40, Exh. A. Previous exhibits produced by Nart clearly show that he has access to "selim.nart@gmail.com." *See, e.g.*, Clerk's Doc. No. 1, Exhs. 1.1 and 2.1. Given that Nart has not produced any evidence to rebut the presumption that he received the email and no objections were made to the transcript of his deposition, the Court will presume that he received the email and the transcript is valid.

employment policies were applicable immediately after the merger. Rather, it appears he simply assumed that Open Text's employment policies were applicable automatically after the merger based on the changes he perceived.

Nart acknowledges that he was an at-will employee. *See* Clerk's Doc. No. 38, Exh. 1 at 24 of Nart Depo. Under Texas law, either party may impose modifications to the employment terms for at-will employment situations. *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986). "[T]o prove a modification of terms of at an will employment arrangement, the *party asserting* the modification must prove two things: (1) notice of the change; and, (2) acceptance of the change." *Id.* (emphasis added). Notice requires unequivocal notice or actual notice, and "constructive notice is not sufficient." *Stowers v. Harper*, 376 S.W.2d 34, 39 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). Because Nart's claim is that, on the date of the merger, Open Text's employee policies became applicable to all of the Vignette employees, he must show notice, and his acceptance, of such a change.

Reviewing the presented summary judgment evidence, it is clear that Nart has failed to present a genuine issue of fact concerning this question. Nart expressly admits that he was not given unequivocal notice that the employment policies had changed. *See* Clerk's Doc. No. 38, Exh. 1 at 56–61 of Nart Depo. In fact, the only evidence of any notice regarding employment policies was notice that a change would *not* take place on the date of the merger. The evidence shows that on July 27, 2009, Open Text notified all Vignette employees via email that Vignette's employment policies would continue to apply to them until January 1, 2010. *See* Clerk's Doc. No. 40, Exh. C. Open Text also posted a notice of this fact on Vignette's Employee Welcome Site. Clerk's Doc. No. 38, Exh. 4. Nart fails to present any contrary evidence. Rather, he claims he was not aware of the

information posted on Vignette's Employee Welcome Site nor does he remember seeing the email. Instead, Nart relies on a series of other changes, such as the changing of email addresses and business signs, which he says led him to believe that Open Text's policies applied to him. However, a notification of a change in email addresses or business signs is not an unequivocal notice of a change in employment policies. It is even less so when a notice that *no* change in policies would take place for six months is sent to all employees. Whether Nart was actually aware of the information on the website or whether he ever saw the email regarding the effective date of Open Text's employment policies is immaterial because he was never expressly told that Open Text's employment policies applied automatically following the merger.

Instead, the evidence produced shows that Vignette's policies were applicable to Nart at the time of his termination. Open Text not only made changes to Vignette's Employee Welcome Site noting when Open Text's employment policies would take effect, it also sent out an email communicating to Vignette employees that Open Text's employment policies would not become applicable until January 1, 2010. *See* Clerk's Doc. No. 38, Exh. 4 and Clerk's Doc. No. 40, Exh. C. Nart does not provide any evidence to contradict this. Instead, he argues that Open Text did not provide notice that Vignette's employment policies were still applicable. This argument fails because Open Text had no duty to notify Nart that the status quo—Vignette's employment policies remaining applicable—would continue. Nart fails to present a genuine issue of fact on this claim. Consequently, summary judgment is proper on the claim.

### 2. Nart's Claims Under Quantum Meruit

Quantum meruit is founded on principles of unjust enrichment and it is an independent cause of action that allows recovery when there is no express contract covering the services rendered.

*Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683–84 (Tex. 2000). In its previous ruling, the Court noted that if "Open Text's policies created a quasi-contract . . . , then the principles of unjust enrichment may allow Nart to recover his unpaid wages." *See* Clerk's Doc. No. 23 at 7. However, the discussion in the previous section makes it clear that Open Text's employment policies did *not* apply to Nart at the time of his termination. Because no quasi-contract was created between Open Text and Nart, he may not recover the wages he seeks under quantum meruit.

Alternatively, Nart's claims for unpaid wages would also fail under Texas law. In Texas, a claimant seeking recovery under quantum meruit must prove that:

> (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Vortt Exploration Co., Inc. v. Chevron, U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). Additionally, "[t]he notice element focuses on what the recipient of the services knew or should have known at the time the services were accepted." *Myrex Indus., Inc. v. Ortolon*, 126 S.W.3d 548, 551 (Tex.App.—Houston [14th Dist.] 2003, pet. denied) (internal quotations omitted). Even assuming the first three elements are satisfied, Nart has not provided any evidence showing that he notified Open Text of his expectation of receiving unpaid vacation and "in lieu of" wages prior to rendering his services. There is also no evidence that Nart notified Open Text that he expected Open Text's employment policies to apply to him. Rather, the record indicates that Open Text would not have expected to be liable for payment of unpaid vacation and "in lieu of" wages because Open Text expressly and unequivocally made clear through Vignette's Employee Welcome Site and an email sent to all Vignette employees that Open Text's employment policies would not apply until January

1, 2010. As such, Open Text would not have expected any employment claims based on its employment policies until after January 1, 2010. Nart has not provided any evidence to the contrary and consequently, no genuine issue of fact exists with regard to Nart's claims under quantum meruit. Based on the foregoing analysis, Nart is not entitled to recovery under quantum meruit.

### 3. Nart's Claims for Severance Pay

Finally, to the extent Nart seeks severance payment under either the quasi-contract or quantum meruit theories, the claim fails. First, the Court reiterates that the above discussion makes it clear that no quasi-contract existed between Open Text and Nart. Because no quasi-contract was created, Nart has no claim against Open Text for severance pay under quasi-contract or quantum meruit theory. Additionally, Nart declined to sign the Separation Agreement offered to him by Vignette, which provided for his severance payment. The summary judgment evidence clearly shows that Nart understood that to get severance pay, he would have to sign the Separation Agreement. *See* Clerk's Doc. No. 38, Exh. 1 at 79 of Nart Depo. Instead, he chose not to do so. *Id.* at 82. As such, Nart cannot seek severance payment from this Court.

## IV.  RECOMMENDATION

In accordance with the preceding analysis, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Open Text Corporation's Motion for Summary Judgment (Clerk's Doc. No. 38) as to all remaining claims in this case.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of February, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE